UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| NESTOR D. BENITEZ, | CASE NO. 11cv2879-BEN |
|---|---|
| Movant, | CASE NO. 10cr3617-BEN |
| vs. | ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

NESTOR D. BENITEZ moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. He filed the Amended Motion on July 14, 2014. In his Amended Motion he asserts that he did not understand the sentencing consequences of his guilty plea. He claims he received ineffective assistance of counsel because his attorney mis-advised him that he would receive a sentence between zero and 120 months. He was sentenced to 140 months in prison. However, Movant's claims are barred because he validly waived his right to collaterally attack his sentence. Alternatively, even if his claims are not barred, they do not merit habeas relief. For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND

On August 25, 2010, Movant and several others conspired and attempted to rob a drug stash house. Instead, the conspirators were arrested in a sting operation. He was eventually charged in a multi-count indictment, with conspiracy to possess five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841 and 846, conspiracy to affect commerce by robbery and extortion, in violation of 18 U.S.C.

§ 1951, possession of a firearm in the furtherance of a crime of violence and a drug trafficking offense, in violation of 18 U.S.C. § 924, and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922 and 924. With the assistance of his counsel, Movant entered a plea bargain in which he agreed to plead guilty to count two and waive his right to collateral attack in exchange for dismissal of the other counts. There was no agreement as to the sentence to be imposed or the criminal history score.

At sentencing, Movant faced a possible maximum sentence of 20 years in prison. The Pre-Sentence Report noted two prior felony convictions. Because one was for a crime of violence and the other for a controlled substance offense, Movant was deemed a career offender and the base offense level became 32 under USSG § 4B1.1(b)(C), instead of 20 under USSG § 2B3.1. With a three-point reduction for acceptance of responsibility, his offense level dropped to a 29. With his criminal history score of seven, his Criminal History Category was IV. But because he was deemed a career offender, the Criminal History Category was increased to VI under USSG §4B1.1. The resulting sentencing guideline calculation was 151 to 188 months. Defense counsel at the sentencing argued that the Criminal History Category VI over-represented his criminal history. The Court agreed. Based on a Criminal History Category of V, instead of VI, the Court sentenced at the low-end of the (now lower) sentencing guidelines range of 140 to 175 months. After considering all of the factors described in 18 U.S.C. § 3553, including Defendant's waiver of appeal and collateral attack rights, the Movant was sentenced to 140 months in prison. Following the imposition of sentence, Movant interrupted and asked the Court for clarification.

    **THE DEFENDANT**: YOUR HONOR, MAY I SPEAK UP?

    **THE COURT**: SURE.

    **THE DEFENDANT**: MY ENGLISH IS --

    **THE COURT**: YOU WANT AN INTERPRETER?

**THE DEFENDANT**: PLEASE.

**THE COURT**: OKAY, WE'LL GIVE YOU AN INTERPRETER.

**THE DEFENDANT**: I'D LIKE TO TELL HIM THAT HE MISGUIDED ME IN MY PLEA. BECAUSE I ASKED HIM, WHERE IS THE TIME THAT I'M GOING TO SIGN ON? THERE WAS NEVER ANY TIME ON THE PAPER. MY FIANCEE ASKED ME THE SAME. AND I ASKED HIM SEVERAL TIMES WHAT IS THE TIME, AND HE NEVER TOLD ME HOW MUCH TIME I WAS FACING. IF I WOULD HAVE KNOWN THAT THIS WAS GOING TO HAPPEN, ALL THE REST OF MY CONSPIRATORS ARE GETTING LESS TIME, 33 MONTHS, 46 MONTHS. I DON'T THINK IT'S FAIR WHEN I'M ONE OF THE MINOR PEOPLE, THAT I -- THAT I WASN'T EVEN GOING TO KNOW WHAT WAS GOING TO HAPPEN UNTIL THAT DAY. I DIDN'T GET A CHANCE TO SAY NO.
THE AGREEMENT THAT I SIGNED, THE MAGISTRATE TOLD ME THAT I WAS GOING TO GET THE MINIMUM. BUT, OF COURSE, THERE WAS NEVER ANY TIME IN MY AGREEMENT. AND I ALWAYS ASKED AND I ALWAYS ASKED WHERE IS THE TIME, AND HE NEVER TOLD ME. SUPPOSEDLY IT WAS GOING TO BE TEN YEARS MAX, IT WAS ZERO TO TEN YEARS, AND THAT I WAS GOING TO GET THE LOW END. NOW I DON'T UNDERSTAND WHY IT'S COMING UP TO SO MUCH TIME.

## LEGAL STANDARD

A district court may "vacate, set aside or correct" a sentence of a federal prisoner that was imposed in violation of the Constitution or a law of the United States. 28 U.S.C. § 2255(a). If it is clear the petitioner has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

## DISCUSSION

### I. Waiver

The Ninth Circuit has upheld the validity of waivers of the right to collaterally attack a conviction or sentence pursuant to § 2255. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). Waivers

in plea bargaining are "an important component of this country's criminal justice system." *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990) (citation omitted) (in the context of a waiver of right to appeal). The Ninth Circuit has held that public policy strongly supports plea agreements. *Id.* Plea bargaining saves the government time and money, allowing it to promptly impose punishment without expending additional resources. *Id.* at 322 (citing *Town of Newton v. Rumery*, 480 U.S. 386, 393 n.3 (1987)). Additionally, and "perhaps the most important benefit of plea bargaining, is the finality that results." *Id.* at 322. When considering an appropriate sentence, this Court will often impose a lesser sentence when a defendant waives his appeal rights and collateral attack rights.

The right of collateral attack in a criminal case is purely statutory. *Abarca*, 985 F.2d at 1014. A waiver of the right to collateral attack will be upheld where it was "knowing and voluntary." *Id.* A knowing and voluntary waiver is enforceable where the language of the waiver encompasses the grounds raised. *See United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011) (citation omitted) (discussing the right to appeal); *Patterson-Romo v. United States*, No. 10-cr-3319, No. 12-cv-1343, 2012 WL 2060872, at *1 (S.D. Cal. June 7, 2012).

Movant's claims are barred by his waiver collateral attack rights at the conclusion of the sentencing hearing. As part of the written plea agreement, Movant waived his right to collaterally attack his sentence unless the Court imposed a custodial sentence greater than the high end of the guideline range recommended by the Government.[1] He reaffirmed that waiver during the plea colloquy with the United States Magistrate Judge. Finally, at the conclusion of the sentencing hearing he affirmed without exception that he had waived his right to collateral attack. The sentence ultimately imposed did not exceed the high end of the guideline range recommended by the government. Quite the opposite, the sentence imposed was below the low end of the sentencing guideline range recommended by the

---

[1] Excepted from the written waiver were claims of ineffective assistance.

government.

A waiver of a statutory right to challenge a conviction or sentence is knowing and voluntary if the plea agreement as a whole is knowing and voluntary. *See United States v. Jeronimo*, 398 F.3d 1149, 1154 (9th Cir. 2005) (discussing the right to appeal) (overruled on other grounds); *United States v. Portillo-Cano*, 192 F.3d 1246, 1250 (9th Cir. 1999) ("[W]aivers of appeal must stand or fall with the agreement of which they are a part. . . ."). A waiver is knowing and voluntary where the plea colloquy satisfies Rule 11 of the Federal Rules of Criminal Procedure, and the record reveals no misrepresentation or gross mischaracterization by counsel that tainted the plea. *See United States v. Sepulveda-Iribe,* 197 F. App'x. 592 (9th Cir. 2006) (citing *Jeronimo*, 398 F.3d at 1157 n.5) (discussing right to appeal).

The record indicates that his waiver was knowingly and voluntarily made. First, the written plea agreement included a paragraph entitled: "Defendant Waives Appeal and Collateral Attack." The written plea agreement also indicates that: (a) Movant had full opportunity to discuss all the facts and circumstances of the case with counsel and had a clear understanding of the charges and consequences of the plea; (b) no one had made any promises or offered any rewards for pleading guilty except for those in the agreement or disclosed to the court; (c) no one threatened Movant or his family; and that (d) Movant was pleading guilty only because he was guilty.

Movant also certified that he had read the agreement or had it read to him in his native language, had discussed the terms with defense counsel, and fully understood its meaning and effect. He asserted that he had consulted with counsel and was satisfied with counsel's representation. Movant signed the agreement and initialed every page. During the change of plea hearing, the Magistrate Judge explained to Movant that he was facing a possible 20 year sentence. The Magistrate Judge did not say that he would get a minimum sentence. The Magistrate Judge

also questioned Movant about his waiver of his right to appeal and collaterally attack his conviction and sentence to ensure he understood. Movant's attorney also indicated at the hearing that he went over the plea agreement with Movant in a language Movant understood before Movant signed the plea agreement. The written agreement together with the change of plea hearing transcript evidence Movant's understanding of the sentencing consequences of his plea.

Nevertheless, if Movant had somehow been misled or misunderstood the possibility of receiving a sentence greater than 120 months after reviewing the written plea agreement and going through the change of plea hearing, he knew precisely what the sentence would be at the sentencing hearing.

At the sentencing hearing, this Court explained the sentencing process. Movant was told that neither the government attorney nor the defense attorney could promise any particular length of sentence. He was told that the length of his sentence was driven by the statutory maximum, his criminal history score, the sentencing guidelines calculation, and the Court's judgment. After the explanation of the sentencing process, the Court gave Movant the opportunity to continue the sentencing hearing, confer with counsel, or substitute new counsel. Movant declined and decided to continue with the sentencing hearing. This Court explained to Movant,

> **THE COURT:** MR. NIETOR [ATTORNEY FOR DEFENDANT], THIS COMES UNDER THE HEADING OF BITING THE HAND THAT FEEDS YOU, I THINK. YOU JUST DID ONE MAGNIFICENT JOB IN GETTING A 25-YEAR SENTENCE REDUCED DOWN TO 140 MONTHS, WITH, OF COURSE, EVEN LESS TIME THAN THAT IF HE QUALIFIED FOR THE DRUG TREATMENT PROGRAM.
> NOW, MR. BENITEZ, LET ME TELL YOU A COUPLE THINGS. FIRST OF ALL, YOU SIGNED A PLEA AGREEMENT. AND LET ME TELL YOU WHAT YOUR PLEA AGREEMENT SAYS. YOUR PLEA AGREEMENT CLEARLY SAYS THAT THERE IS NO REPRESENTATION MADE AS TO WHAT THE SENTENCE WOULD BE. THAT IS THE PLEA AGREEMENT THAT YOU SIGNED. IN YOUR PLEA

AGREEMENT, YOU ALSO STATED YOU AGREED THAT THE SENTENCE WOULD BE SOLELY UP TO THE JUDGE. SO NO MATTER WHAT THE SENTENCING GUIDELINES WERE, YOU AGREED THAT I WOULD HAVE THE DISCRETION TO IMPOSE WHATEVER SENTENCE I THOUGHT WAS APPROPRIATE. SO EVEN IF THE GOVERNMENT RECOMMENDED, AS THEY DID, 151 MONTHS, I WOULD HAVE THE RIGHT TO IMPOSE AN EVEN HIGHER SENTENCE THAN THAT. THAT'S THE PLEA AGREEMENT THAT YOU SIGNED, SIR.

NOW LET ME TELL YOU ONE MORE THING. I'LL BET YOU DOLLARS TO DONUTS THAT IF I GET THE TRANSCRIPT OF THE HEARING BEFORE THE MAGISTRATE JUDGE AT WHICH YOU ENTERED YOUR GUILTY PLEA, I GUARANTEE YOU THERE WILL NOT BE ANYTHING IN THAT COLLOQUY THAT WILL SAY THAT YOU WERE GOING TO GET TEN YEARS OR ANY AMOUNT OF TIME. BECAUSE THE MAGISTRATE JUDGE DOES NOT HAVE AUTHORITY TO BIND ME TO ANY PARTICULAR SENTENCE. SO WHAT THE MAGISTRATE JUDGE DID IS TELL YOU THE MAXIMUM SENTENCE THAT YOU WERE GOING TO BE FACING. AND THAT MAXIMUM SENTENCE WAS, IF YOU GIVE ME JUST A MINUTE –

**MR. COUGHLIN:** IT IS LISTED IN THE PLEA, YOUR HONOR, ON PAGE 6, AND ON THE PSR, THE FIRST PAGE.

**THE COURT:** RIGHT. THE MAXIMUM SENTENCE IS 20 YEARS. THAT'S WHAT THE JUDGE TOLD YOU. THE JUDGE TOLD YOU THAT THE MAXIMUM SENTENCE YOU WERE LOOKING AT WAS 20 YEARS. AND THEN, GOING ON FURTHER, AT PAGE 9, PARAGRAPH 8, IT SAYS, THAT YOU HAVE TALKED WITH YOUR ATTORNEY ABOUT THE GUIDELINES, AND THAT THEY'VE EXPLAINED TO YOU THE GUIDELINES. AND THEN AT PAGE 9, IT'S ROMAN NUMERAL IX, IT SAYS, THAT THE SENTENCE IS SOLELY WITHIN MY DISCRETION, THAT IS, SOLELY WITHIN THE DISCRETION OF THE JUDGE, THAT NO AGREEMENT, NO AGREEMENT BINDS THE COURT. AND I'LL FURTHER BET THAT SOMEWHERE IN HERE THERE IS ALSO SOMETHING ELSE THAT SAYS THAT THERE WERE NO REPRESENTATIONS MADE TO YOU, AND THAT IT INCLUDES THE ENTIRE AGREEMENT.

**THE DEFENDANT:** SO I MISUNDERSTOOD?

**THE COURT:** WELL, I DON'T KNOW IF YOU MISUNDERSTOOD OR WHAT THE DEAL IS, OR IF YOU'RE JUST NOT HAPPY WITH THE SENTENCE.

BUT, HERE IS THE THING, IF YOU REALLY, REALLY BELIEVE THAT YOU HAVE A RIGHT TO A LESSER SENTENCE, I'LL BE MORE THAN HAPPY TO REPLACE MR. NIETOR AT THIS MOMENT. I WILL APPOINT ANOTHER ATTORNEY TO REPRESENT YOU, AND THAT ATTORNEY CAN THEN DECIDE WHETHER OR NOT YOU WANT TO MOVE TO WITHDRAW YOUR PLEA, IN WHICH CASE, I WILL CONSIDER THE MOTION, AND, OF COURSE, IF THAT IS THE CASE, THEN THE GOVERNMENT CAN MOVE FORWARD WITH THEIR CASE. YOU CAN GO TO TRIAL, WHATEVER HAPPENS AT THE TRIAL HAPPENS. IF YOU'RE CONVICTED --I'M SORRY, WHAT WAS THE MAXIMUM SENTENCE YOU INDICATED HE COULD FACE?

**MR. COUGHLIN**: YOUR HONOR, THE MAXIMUM SENTENCE WAS LIFE IN PRISON, BUT THE MINIMUM-MANDATORY WAS THE 20 YEAR ON THE DRUGS, AND ON TOP -- BASED ON HIS PRIOR DRUG CONVICTION, AND A 924(C), OR 60 MONTHS, IN ADDITION TO THAT, CONSECUTIVE TO THE MINIMUM-MANDATORY OF 20 YEARS IF AN ENHANCEMENT WAS FILED.

**THE COURT**: SO THE SENTENCE YOU COULD RECEIVE IF YOU GO TO TRIAL AND YOU'RE CONVICTED, COULD BE A LIFE SENTENCE, OR IT COULD BE 25 YEARS. NOW I DO WANT TO TELL YOU THIS, THAT THE SENTENCE THAT IS IMPOSED ON THE OTHER DEFENDANTS THAT YOU WERE INVOLVED WITH IS DEPENDENT A LOT ON THEIR CRIMINAL HISTORY. AND THERE ARE CERTAIN THINGS THAT GUIDE THE SENTENCE THAT I IMPOSE. BECAUSE OF YOUR CRIMINAL HISTORY, THERE IS A CERTAIN GUIDELINE THAT I'M NOT REQUIRED TO FOLLOW, BUT WHICH I'VE TOLD, GIVES ME AN IDEA OF WHAT THE SENTENCE SHOULD BE. I'VE EVEN GONE BELOW WHAT THE GOVERNMENT HAS RECOMMENDED. BUT IF YOU'RE NOT HAPPY WITH THAT, YOU KNOW, IT IS YOUR CALL. I WOULD BE MORE THAN HAPPY TO REPLACE MR. NIETOR AND APPOINT ANOTHER LAWYER FOR YOU. DO YOU WANT ME TO REPLACE MR. NIETOR AND APPOINT ANOTHER LAWYER FOR YOU?

**THE DEFENDANT**: THAT'S FINE.

**THE COURT**: ARE YOU SURE? I DON'T WANT TO PRESSURE YOU. I DON'T WANT YOU TO FEEL LIKE YOU HAVE TO MAKE THIS DECISION -- I HAVE JUST EXPLAINED TO YOU THE REASONS WHY WE'VE DONE WHAT WE'VE DONE TODAY.

- 8 -

|   |   |
|---|---|
| 1 | WOULD YOU LIKE FOR ME TO WITHHOLD IMPOSING JUDGMENT, GIVE YOU A LITTLE BIT OF TIME TO THINK ABOUT IT, MAYBE BRING THIS MATTER UP -- DO I HAVE A CALENDAR NEXT WEEK? |
| 2 | |
| 3 | |
| 4 | **MR. COUGHLIN**: THERE ARE MORE DEFENDANTS IN THIS CASE SCHEDULED FOR SENTENCING A WEEK FROM TODAY AS WELL. |
| 5 | |
| 6 | **THE COURT**: OKAY. WELL, I DON'T WANT THEM ALL TOGETHER IN THE SAME ROOM AT THE SAME TIME, EITHER. SO WHAT DOES MY CALENDAR LOOK LIKE NEXT WEEK? |
| 7 | |
| 8 | |
| | **THE DEFENDANT**: THAT'S FINE. |
| 9 | |
| | **THE CLERK**: YOU HAVE MOTIONS IN LIM, 9:00 A.M., TUESDAY. |
| 10 | |
| 11 | **THE DEFENDANT**: THAT'S FINE. |
| 12 | **THE COURT**: HOW ABOUT TUESDAY? HOW ABOUT IF YOU COME BACK ON TUESDAY? YOU THINK ABOUT IT, TALK TO MR. NIETOR, TALK TO YOUR FAMILY. COME BACK ON TUESDAY. I WANT TO MAKE SURE THAT YOU'RE -- I MEAN, I DON'T WANT YOU TO BE HAPPY. I CAN'T IMAGINE ANYONE WOULD BE HAPPY WITH A SENTENCE OF 140 MONTHS. BUT I WANT YOU TO FEEL CONTENT THAT THIS IS, IN FACT, WHAT YOU WANT TO DO, OKAY. |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| | **THE DEFENDANT**: NO, THAT'S FINE. |
| 18 | |
| 19 | **THE COURT**: SO YOU'RE SAYING YOU WANT ME TO GO FORWARD WITH SENTENCING TODAY? |
| 20 | **THE DEFENDANT**: WELL, TO THE 140 MONTHS? |
| 21 | **THE COURT**: YES. THAT IS THE SENTENCE THAT I'M PLANNING ON IMPOSING TODAY, 140 MONTHS. I'VE ALREADY TOLD YOU A COUPLE THINGS THAT COULD HAPPEN IF YOU DECIDE THAT YOU DON'T LIKE MY SENTENCE OF 140 MONTHS. I'M ALSO TELLING YOU THAT I'M MORE THAN HAPPY TO CONTINUE THE MATTER FOR A WEEK IN ORDER TO LET YOU THINK ABOUT IT. I'M ALSO TELLING YOU THAT IF YOU WANT ME TO REPLACE MR. NIETOR, I'LL APPOINT ANOTHER LAWYER FOR YOU. I'M GIVING YOU VARIOUS OPTIONS. I DON'T WANT YOU TO FEEL PRESSURED. I DON'T WANT YOU TO THINK THAT YOU HAVE TO LEAVE HERE DOING SOMETHING BECAUSE I TOLD YOU YOU HAVE TO DO IT OR BECAUSE ANYBODY ELSE TOLD YOU YOU HAVE |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

TO DO IT. I KNOW IT IS A LONG TIME, SO I'M GIVING YOU OPTIONS. SO I'M GOING TO ASK YOU QUESTIONS, ONE AT A TIME. YOU ANSWER THEM FOR ME, OKAY.

**THE DEFENDANT:** OKAY.

**THE COURT:** DO YOU WANT ME TO APPOINT ANOTHER LAWYER FOR YOU?

**THE DEFENDANT:** NO.

**THE COURT:** DO YOU WANT ME TO CONTINUE THIS SENTENCING FOR A WEEK SO THAT YOU HAVE TIME TO THINK ABOUT IT AND TALK TO YOUR FAMILY ABOUT IT?

**THE DEFENDANT:** THAT'S FINE.

**THE COURT:** DO YOU WANT ME TO GO FORWARD AND IMPOSE SENTENCE TODAY?

**THE DEFENDANT:** YES. BECAUSE I DON'T WANT IT TO BE WORSE LATER ON.

**THE COURT:** OKAY. WELL, IN THAT CASE -- LET'S SEE, DID WE GIVE HIM THE CONDITIONS OF SUPERVISED RELEASE?

At the conclusion of the sentencing, defense counsel and Movant indicated that Movant was waiving without exception his right to collateral attack.

**THE COURT:** MR. NIETOR, DO YOU ACKNOWLEDGE THAT MR. BENITEZ HAS WAIVED HIS RIGHT TO APPEAL AND COLLATERAL ATTACK?

**MR NIETOR:** YES, YOUR HONOR.

**THE COURT:** MR BENITEZ, DO YOU ACKNOWLEDGE THAT YOU HAVE WAIVED YOUR RIGHT TO APPEAL AND COLLATERAL ATTACK?

**THE DEFENDANT:** HAVE YOU RECOMMENDED THE DRUG PROGRAM?

**THE COURT:** I DID.

**THE DEFENDANT:** THANK YOU.

**THE COURT:** ALL RIGHT. ANYTHING ELSE?

**MR NIETOR:** NO, YOUR HONOR.

After a careful review of the written plea agreement, the Rule 11 plea colloquy, and the sentencing hearing transcript, this Court finds that Movant waived his collateral attack rights. Alternatively, even if he did not waive his collateral attack rights, the plea was knowing and voluntary.

## II. The Merits

Alternatively, the motion fails on the merits. Movant contends that he received ineffective assistance from his attorney, Mr. Andrew K. Nietor, Esq. However, this Court noted during the sentencing hearing that Mr. Nietor, "just did one magnificent job in getting a 25-year sentence reduced down to 140 months, with, of course, even less time than that if he qualified for the drug treatment program."

The requirements for habeas relief based upon a claim of ineffective assistance are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). The law regarding the application of *Strickland* is well-known and need no citation. There is a *performance* prong and a *prejudice* prong. Both must be established by a petitioner and the lack of either will be reason for denying habeas relief. Movant contends now that his counsel, Mr. Nietor, mis-advised him that the maximum punishment he was facing was no greater than ten years. He has offered no evidence.

The Government, on the other hand, has obtained a declaration from Mr. Nietor. Mr. Nietor states that he did, in fact, fully discuss the plea offer, the exposure to a sentence of 20-30 years in view of the career offender status, the possibility of a minimum mandatory sentence of 25 years and that at no time did he tell Movant that the maximum sentence he could receive was only ten years.

Movant was also advised of the potential 20 year sentence during the change of plea colloquy with the Magistrate Judge. If that was a surprise to him, he could have asked the Magistrate Judge to explain the difference during that hearing. This is something he did later at his sentencing hearing. The transcript of the plea

colloquy shows that he did not raise questions. There is no evidence offered now supporting the after-the-fact assertion that he was mis-advised. The only evidence is his apparent confusion at the sentencing hearing. At the sentencing hearing he was perplexed that he did not know what his precise sentence would be. But his plea bargain did not define a precise sentence (such as plea bargains made pursuant to F.R.Cr.P. 11(c)(1)(C)). Instead, this was a Rule 11(c)(1)(B) plea agreement (the type customarily used in this district) that left sentencing to the Court's discretion. The evidence of Movant's confusion on the day of sentencing, without more, is not enough to carry his evidentiary burden to demonstrate that his counsel mis-advised him. Without a showing of mis-advisement, Movant has failed to satisfy *Strickland*'s performance prong.

      He also fails to satisfy the prejudice prong. Because the potential sentence was explained to him in detail by this Court at the sentencing hearing, even if he was mis-advised prior to that time (which the evidence does not bear out) he was correctly advised by this Court.

      Though offered the opportunity, Movant decided he did not want to continue the matter for a week to consider his situation or obtain advice from family or friends. Though offered the court appointment of a new attorney, he decided he did not want a new attorney. Instead, he decided to move forward and be sentenced. Consequently, he has not proven prejudice. He cannot show that, had he been correctly advised as to the possibility of a sentence longer than ten years, he would not have pleaded guilty and faced sentencing. Indeed, after the punishment possibilities were explained by this Court, and the intended sentence was announced, he did decide to go forward – wisely explaining that he did not want to risk receiving a much longer sentence.

      **THE COURT:** DO YOU WANT ME TO GO FORWARD AND IMPOSE SENTENCE TODAY?

      **THE DEFENDANT:** YES. BECAUSE I DON'T WANT IT TO BE

WORSE LATER ON.

That is a knowing and voluntary decision to proceed with sentencing upon a guilty plea. If there was deficient performance by counsel, it was corrected at sentencing. Consequently, *Strickland*'s prejudice prong has not been satisfied.

Movant also asserts that his counsel was ineffective for failing to challenge his career offender status and the characterization of the prior felonies. He has offered no evidence that such a challenge would be successful. In contrast, the government has provided records supporting the conclusion that it was correct to count his prior felony convictions as meeting the career offender definition, and that a challenge would be futile. Therefore, Movant has not satisfied the *Strickland* performance prong or the prejudice prong for this claim.

## CONCLUSION

Movant waived his right to collaterally attack his conviction and sentence. Alternatively, Movant has not established that his guilty plea was unknowing or involuntary. He has not established that he received ineffective assistance or was prejudiced by the assistance, even if he did. In accordance with the conclusions set forth above, the Motion to Vacate, Set Aside, or Correct the Sentence is **DENIED**.

A court may issue a certificate of appealability where the petitioner has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). This Court finds that Movant has not made the necessary showing. A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: 2/16, 2015

HON. ROGER T. BENITEZ
United States District Judge